IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DONALD LIBBY and
JESSIE LIBBY,

          Plaintiffs,

   v.

KEYSTONE RV COMPANY,

          Defendant.

Case No. 1:19-cv-00642-CL

OPINION and ORDER

---

CLARKE, Magistrate Judge.

Plaintiffs Donald and Jessie Libby bring this cause of action for breach of express and implied warranties against defendant Keystone RV Company after purchasing a fifth wheel RV trailer. Full consent to magistrate jurisdiction was entered on August 21, 2019 (#13). The case comes before the Court on a motion for summary judgment (#6) submitted by the defendant. On October 22, 2019, the Court held an oral argument hearing on the motion. For the reasons below, the defendant's motion (#6) is DENIED.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## BACKGROUND

Plaintiffs purchased a new 2016 Keystone RV Cougar fifth wheel ("Fifth Wheel") on April 23, 2016. Complaint, ¶ 4. The Fifth Wheel came with a Keystone RV Limited One Year Warranty. Diaz Decl. ¶ 3. The Limited Warranty provided Plaintiffs with service and defect repair coverage for one year from the date of purchase. *Id.*, Ex. A. It also provides:

> ANY ACTION TO ENFORCE THIS LIMITED WARRANTY OR ANY IMPLIED WARRANTY SHALL NOT BE BROUGHT MORE THAN NINETY (90) DAYS AFTER EXPIRATION OF THE ONE (1) YEAR TERM OF THIS LIMITED WARRANTY OR WITHIN ONE (1) YEAR OF THE DATE OF BREACH, WHICHEVER IS SOONER.

As part of the purchase transaction, plaintiffs signed a Retail Installment Contract, a purchase agreement, and Keystone RV's Retail Warranty Registration. Complaint, Ex. 4; Eldridge Decl., Exs. A, B. The Keystone RV Retail Warranty Registration that plaintiffs signed noted the purchase date was May 18, 2016. Eldridge Decl., Ex. B.

After purchase of the vehicle, the Fifth Wheel experienced "various defects and non-conformities," which "include but are not limited to a defective roof that causes repeated leaking." Compl. ¶ 8. Plaintiffs allege that despite "being given more than a reasonable number of attempts / reasonable opportunity to cure said defects, non-conformities, and conditions, [the defendant] failed to do so and thus the warranty failed its essential purpose." Compl. ¶ 10. Plaintiffs claim that, as a result, the Fifth Wheel cannot be used as intended at the time of the sale, and the use and value of the Fifth Wheel has been diminished or substantially impaired. Compl. ¶ 12. Plaintiffs filed this action on March 27, 2019. (#1).

## DISCUSSION

The defendant brings a motion for summary judgment claiming that Plaintiffs' claims are untimely under the terms of the Limited Warranty. Plaintiffs, in response, assert that the time limitation provision contained in the Limited Warranty is unconscionable. The Court agrees with Plaintiffs.

I. **Plaintiffs' claim for breach of express warranty is timely because the time limitation provision contained in the Limited Warranty is unconscionable and the statutory time limitation will be applied instead.**

In Oregon, the test for unconscionability has both procedural and substantive components:

> Procedural unconscionability refers to the conditions of contract formation and involves a focus on two factors: oppression and surprise. Oppression exists when there is inequality in bargaining power between the parties, resulting in no real opportunity to negotiate the terms of the contract and the absence of meaningful choice. Surprise involves the question whether the allegedly unconscionable terms were hidden from the party seeking to avoid them.
>
> "Substantive unconscionability" generally refers to the terms of the contract, rather than the circumstances of formation, and the inquiry focuses on whether the substantive terms unfairly favor the party with greater bargaining power.

*Livingston v. Metropolitan Pediatrics, LLC*, 234 Or. App. 137, 151, 227 P.3d 796 (2010) (citations omitted); *see also Vasquez–Lopez v. Beneficial Oregon, Inc.*, 210 Or. App. 553, 566–67, 152 P.3d 940 (2007). "Thus, both procedural and substantive unconscionability are relevant, although only substantive unconscionability is absolutely necessary." *Vasquez-Lopez*, 210 Or. App. at, 567, 152 P.3d at 948. Additionally, with that proviso, "each case is decided on its own unique facts." *Id.*

### 1. The time limitation provision is procedurally unconscionable.

Under Oregon law, take-it-or-leave-it contracts are not necessarily procedurally unconscionable. *See Wilson v. Bristol-Myers Squibb Co.*, No. 3:17-CV-2054-SI, 2018 WL 2187443, at *5 (D. Or. 2018); *Sprague v. Quality Restaurants Nw., Inc.*, 213 Or. App. 521, 526 (2007) ("We therefore conclude that, procedurally, the agreement was no more unconscionable than the typical employment, consumer, or service contracts that are a common feature of contemporary commercial life and that Oregonians sign (and Oregon courts enforce) as a matter of course."). Here, the bargaining power between the parties is clearly unequal, and Plaintiffs

did not engage in negotiations over the terms of the Limited Warranty, but those facts alone do not make it procedurally unconscionable. There is no indication that the contract formation involved any fraud or duress or coercion. However, there is also no evidence that the Limited Warranty was given to Plaintiffs at the time of purchase, nor were Plaintiffs given the opportunity to read the terms and accept or reject them. Additionally, the specific time limitation provision was buried on the second page of the Limited Warranty, under the heading, "Damages Disclaimer." Diaz Decl., Ex. A. Therefore, overall, the Court finds that there was sufficient oppression and surprise to constitute procedural unconscionability in this case.

### 2. The time limitation provision is substantively unconscionable.

The Limited Warranty's time limitation provision is substantively unconscionable because it does not comply with the statute of limitations for warranty claims. The State of Oregon's version of the Uniform Commercial Code includes UCC § 2-725, which governs statutes of limitations in Contracts for Sale. ORS 72.7250. Oregon courts have held that the limitation period set out in ORS 72.7250(1) applies to breach of warranty actions. *See., e.g., Permapost Products Co. v. Osmose, Inc.*, 116 P.3d 909, 912-13 (Or. App. 2005). The statute provides that "by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." ORS 72.750(1). As discussed below, here, the Limited Warranty's limitation period was not part of the original agreement. Even if it were part of the original agreement, it is unreasonable because it would functionally limit the time period to less than one year, except in rare cases.

### a. The time limitation period was not part of the "original agreement."

"Where a written instrument refers in specific terms to another writing, the other writing is a part of the contract." *Nw. Pac. Indem. Co. v. Junction City Water Control Dist.*, 295 Or. 553,

558 (1983). Further, contracting parties are obligated to read the contract and if they assent without so doing, they cannot come into court later and successfully contend that their agreement was different than expressed in writing. *Franklin v. W. Pac. Ins. Co.*, 243 Or. 448, 453 (1966).

In *Brown v. BYRV, Inc.*, the plaintiff argued that she should not be bound by the terms of the Tiffin Warranty because she had no opportunity to read or sign the warranty itself at the time of agreement. Civ. Case No. 3:14-CV-01213-AC, 2015 WL 4507159, at *8 (D. Or. July 24, 2015). However, the plaintiff conceded that she signed the Tiffin Form, which, by its terms, specifically acknowledged that the signer read the Tiffin Warranty, understood the provisions contained therein, and agreed to be bound by those terms. *Id.* The court held that the plaintiff, having signed the Tiffin Form, could not come to Court and argue to the contrary; the Tiffin Form explicitly assented to the terms of the Tiffin Warrant, therefore the terms of the Tiffin Warranty were held to be part of the "agreement." *Id.*

The facts of this case are materially distinguishable from the *Brown* case. Here, the purchase agreement for the Fifth Wheel states, "The only warranties applying to this vehicle are those offered by the manufacturer." Eldridge Decl., Ex. A. This is the only reference to any warranty in the purchase agreement. *Id.* Nothing in the purchase agreement certifies that the purchasers were given or had an opportunity to read the terms of the warranty or the Owner's Manual,[1] nor does it state that they acknowledge or assent to such terms. *Id.* On or about the time of purchase, Plaintiffs also signed and submitted Keystone RV's Retail Warranty Registration ("Warranty Registration"). Eldridge Decl., Ex. B; Diaz Decl. ¶ 4. The Warranty Registration does not state any of the terms or limitations of the warranty, nor does it certify that the purchasers were given or had an opportunity to read or agree to such terms. It is a form that

---

[1] The actual terms of the Limited Warranty are contained in Chapter 2 of the Keystone RV Company Owner's Manual. Diaz Decl., Ex. A.

contains the names and addresses of the parties, the Vehicle Identification Number, make, and model of the Fifth Wheel, and nothing else. Unlike the plaintiffs in *Brown*, Plaintiffs here knew that a warranty existed, but nothing they signed acknowledged or agreed to any terms of that warranty at the time of purchase. Therefore, the time limitation provision was not part of the "original agreement."

### b. The time limitation provision is not reasonable because it effectively limits the consumer's time to file a claim to less than one year.

Even if the time limitation provision could be considered part of the "original agreement," it is invalid because it is not reasonable. *Hatkoff v. Portland Adventist Med. Ctr.*, 252 Or. App. 210, 222 (2012) ("[P]arties are free to contractually limit the timeframe in which to bring a claim, and that limit will be enforced unless unreasonable."). Under the plain language of the statute, parties may reduce the period of limitation, but may not reduce it to "less than one year." ORS 72.750(1).

Here, the Limited Warranty's time limitation provision states:

> Any action to enforce this limited warranty or any implied warranty shall not be brought more than ninety (90) days after the expiration of the one (1) year term of this limited warranty or within one (1) year of the date of breach, whichever is sooner.

Based on this provision, there are a few basic scenarios that demonstrate that a purchaser would be required to bring an action almost immediately upon discovery of a defect. First, as Plaintiffs suggest, if this is considered a standard manufacturer's warranty, where accrual of a defect claim occurs upon delivery, *see* ORS 72.750(2)[2], a purchaser could discover a defect in the eleventh month of ownership and then have less than one month to allow for repair attempts and also

---

[2] "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." ORS 72.750(2). Whether the claim accrues at the time of delivery or at the time of discovery of the defect is not material to the Court's decision in this case.

Page 7 – REPORT AND RECOMMENDATION

bring a claim. Alternatively, as the defendant suggests, if the Limited Warranty "explicitly extends to future performance," *see id.*, thereby allowing accrual of the claim at the time of discovery, the time limitation would be extended, but only by 90 days. The phrase in the provision, "whichever is sooner," results in an outcome where no claim can ever be brought more than 90 days after expiration of the warranty's one-year term. Thus, even in the best-case scenario, a defect in the Fifth Wheel would have to be discovered before the third month of ownership; any defect discovered after the third month would give the purchaser less than one year to bring a claim.

Additionally, in all practical reality, the Court acknowledges Plaintiffs' contention that, once a defect is discovered, "RV's are often out of service for months at a time." It would be a rare case indeed where a defect is discovered and the manufacturer is given the opportunity to repair the defect yet fails to do so, all within the first three months of ownership. By contrast, it is more likely that the defect is discovered during the one-year term of the warranty and the manufacturer attempts to repair over the course of several months. With the added possibility of multiple repair attempts, the 90-day time limitation could fully expire before a purchaser even receives the RV back from the manufacturer. Such a limitation is not reasonable and does not comply with the statutory requirement that a purchaser be given "not less than one year" to bring a warranty claim.

### 3. To remedy the unconscionable provision, the Court rejects it, and applies the statutory time limitation instead.

The Oregon Court of Appeals has held that courts are permitted "to refuse to enforce an unconscionable contract, to enforce it without the unconscionable term, or to limit the application of the unconscionable term to avoid an unconscionable result." *Carey v. Lincoln Loan Co.*, 203 Or. App. 399, 423, 125 P.3d 814, 829 (2005), aff'd, 342 Or. 530, 157 P.3d 775

(2007). Here, the Court rejects the unconscionable time limitation and refuses to enforce it. Without that provision to restrict Plaintiffs' time to bring a claim, the default statutory time limitation for a warranty or other written contract is four years. ORS 72.7250(1) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.").

Plaintiffs purchased[3] the Fifth Wheel in April of 2016, and brought this action in March of 2019, less than three years later. Plaintiffs' express warranty claim is therefore timely.

## II. Plaintiffs' claim for breach of implied warranty is timely because the Limited Warranty time limitation does not comply with the Magnuson-Moss Warranty Act.

The Magnuson-Moss Warranty Act provides:

> For purposes of this this chapter . . ., implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and set forth in clear and unmistakable language and prominently displayed on the face of the warranty.

15 U.S.C. § 2308(b).

In this case, the same language in the Limited Warranty that purported to limit the time to bring a claim for breach of the express warranty also purported to limit the time to bring a claim for any implied warranties. The Court has already determined that the time limitation was unreasonable and unconscionable. Additionally, the Court does not find that the provision was set forth in clear and unmistakable language, nor was it prominently displayed on the face of the warranty. The time limitation was contained on the second page of the Limited Warranty (which was set forth in Chapter 2 of the User's Manual), under the heading "Damages Disclaimer." It was essentially hidden from plain view and buried in between other warranty terms. Therefore,

---

[3] Because the claim is timely regardless of whether it accrued at the time of delivery or at the time of discovery of the defect, the Court need not address or decide the moment of accrual.

Page 9 – REPORT AND RECOMMENDATION

the time limitation does not apply. Plaintiffs' claim for breach of the implied warranty is timely for the same reasons above.

## ORDER

For the reasons stated above, the defendant's motion for summary judgment (#6) is DENIED. Plaintiffs' claims are timely and may proceed in this action.

It is so ORDERED and DATED this 25 day of October, 2019.

MARK D. CLARKE
United States Magistrate Judge